UNITED STATES of America, Plaintiff–Appellee,

v.

Tommy Lee GILBERT, Defendant–Appellant.

No. 00–10314.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2001

Filed Sept. 24, 2001

---

Katherine Alfieri, Law Offices of Katherine Alfieri, San Francisco, California, for the defendant-appellant.

Robert E. Lindsay and S. Robert Lyons, United States Department of Justice, Tax Division, Washington, D.C., for the plaintiff-appellee.

Before: SCHROEDER, Chief Judge, LAY* and BOOCHEVER, Circuit Judges.

LAY, Circuit Judge:

**I.**

Tommy Lee Gilbert appeals from the district court's finding that he violated 26 U.S.C. § 7202 of the Internal Revenue Code ("IRC") by failing to remit to the Internal Revenue Service ("IRS") withholding tax that he collected for the employees of his business.

Gilbert owned and operated a business called Best in the West Security ("BITW") between 1988 and 1993. The business provided security guard services for private companies. BITW was required to collect, account for, and pay over to the IRS withholding tax for each of its employees. BITW collected and accounted for the taxes, but it failed to pay over the withholding tax to the IRS. Gilbert claimed that his business did not have the necessary funds to pay the taxes. Nonetheless, Gilbert continued to pay his employees' salaries while failing to pay over the withholding tax.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

Gilbert was subsequently indicted on six counts of willful failure to collect and pay over tax, in violation of 26 U.S.C. § 7202 (Counts 1–6); one count of tax evasion, in violation of 26 U.S.C. § 7201 (Count 7); one count of willful failure to file a tax return, in violation of 26 U.S.C. § 7203 (Count 8); and one count of willfully subscribing to a false statement, in violation of 26 U.S.C. § 7206(1) (Count 9).

A jury found Gilbert guilty of Counts 3, 4, and 5,[1] and Gilbert now appeals. On appeal, Gilbert argues that (1) the district court did not properly construe § 7202 of the IRC; (2) there was insufficient evidence to find him guilty under § 7202; (3) the indictment was barred by the statute of limitations; (4) his due process rights were violated by vindictive prosecution; and (5) his due process rights were violated by pre-indictment delay. We affirm.

## II.

### A. Statutory Construction

Gilbert contends that the district court improperly construed 26 U.S.C. § 7202 in finding that he violated the statute by failing to pay over withholding tax to the IRS.[2] Gilbert argues that § 7202 requires the failure to both account for *and* pay over withholding tax. The Government urges an interpretation of § 7202 imposing a dual obligation to account for and pay over withholding tax, thus § 7202 is violated by the failure to account for *or* pay over withholding tax. The issue raises a question of first impression in this circuit.

In construing a statute, the court's objective is to ascertain the intent of Congress in enacting it and give effect to legislative will. *Negonsott v. Samuels,* 507 U.S. 99, 104, 113 S.Ct. 1119, 122 L.Ed.2d 457 (1993). Where legislative "will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." *Id.* (citation omitted). If the plain language of a statute renders its meaning reasonably clear, the court will not investigate further unless its "application leads to unreasonable or impracticable results." *United States v. Daas,* 198 F.3d 1167, 1174 (9th Cir.1999).

Gilbert argues that in *Wilson v. United States,* 250 F.2d 312 (9th Cir.1958) and *United States v. Poll,* 521 F.2d 329 (9th Cir.1975), this court interpreted § 7202 as punishing the failure to *both* account for and pay over withholding tax. In *Wilson* and *Poll,* however, this court was not concerned whether § 7202 required the failure of both elements, but instead addressed the issue of how to define willfulness under § 7202. We hold, as did the Second Circuit in *United States v. Evangelista,* 122 F.3d 112, 121 (2d Cir.1997), that this court's statements in *Wilson* and *Poll,* as to whether § 7202 required the failure to both account for and pay over the tax, were *dicta.*

Notwithstanding, Gilbert contends that an examination of the plain meaning of § 7202, and its context within the statutory scheme, compels the conclusion that the intent of § 7202 was to provide a penalty for those who intentionally failed to account for as well as pay over withholding

---

1. Count 8 was voluntarily dismissed by the Government prior to trial, and Counts 1 and 6 were dismissed by the court pursuant to Gilbert's Rule 29 motion. The jury was unable to reach a verdict on Counts 2, 7, and 9, and a mistrial was declared on those counts.

2. Section 7202, entitled "Willful failure to collect or pay over tax," provides that "[a]ny person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall ... be guilty of a felony."

taxes. Assuming that Gilbert's construction of § 7202 is not necessarily inconsistent with the plain meaning of the statute, we conclude that it leads to "unreasonable or impracticable results." *See Daas*, 198 F.3d at 1174.

In *Evangelista*, the Second Circuit explained that construing § 7202 as requiring the failure to both account for and pay over the tax would "result in a greater penalty for one who simply failed to collect trust fund taxes than for one who collected them and, as is charged here, used them for his own selfish purposes ..., so long as he notified the IRS that he had collected the tax." 122 F.3d at 121 (citation omitted). The court further noted, "[t]hat Congress intended to make such a distinction is simply inconceivable." *Id.* The Third Circuit, in *United States v. Thayer*, agreed with the Second Circuit and provided additional support by noting the title of § 7202: "Willful failure to collect or pay over tax." 201 F.3d 214, 221 (3d Cir.1999).

According to Gilbert, his construction of § 7202 is not impracticable because there are reasons why a person who fails to account for *and* pay withholding taxes is punished more severely than a person who fails to account for *or* pay over such taxes. Gilbert explains that the employer who fails to account for the taxes is paying an employee "under the table," and as such frustrates the IRS's policy objective of assessing and collecting taxes. In contrast, a person who truthfully accounts for withholding taxes, but fails to turn the money over, does not frustrate the policy objectives of the IRS because the IRS is aware that money is owed and it knows where to collect the money. Gilbert concludes that "[w]hile compliance may not be timely, it can ultimately be achieved."

We are not persuaded by such arguments. As the Government explains, when an employer collects and accounts for withholding tax for an employee, the employee gets the benefit of the withholding tax, regardless of whether the IRS is paid. Thus, if the Government never receives the tax money, the Government has to carry the burden of crediting the employee for withholding taxes that were never paid. On the other hand, when an employer fails to collect the tax, the employee is not credited for the tax, and the Government does not have to carry the burden of crediting the employee for taxes that were never paid. In theory, the Government suffers a loss either way, but the Government correctly asserts that the loss is greater when an employer accounts for the tax, but never remits it to the IRS.

The Government further contends that *Slodov v. United States*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978) supports its interpretation of § 7202 as punishing the failure to account for *or* pay over withholding tax. In *Slodov*, the Supreme Court interpreted 26 U.S.C. § 6672, the civil counterpart to § 7202, and focused on language similar to the language of § 7202, where a person is liable if he "willfully fails to collect such tax, or truthfully account for and pay over such tax." 26 U.S.C. § 6672. The Court analyzed this language to address whether § 6672 makes a person liable for paying over taxes collected by his predecessors.

The Supreme Court concluded that a person was obligated to pay over withholding tax, regardless of whether that person had personally collected the tax. The Court explained that "Sections 6672 and 7202 were designed to assure compliance by the employer with its obligation to withhold and pay the sums withheld, by subjecting the employer's officials responsible for the employer's decisions regarding withholding and payment to civil and criminal penalties for the employer's delinquen-

cy." *Slodov*, 436 U.S. at 247, 98 S.Ct. 1778.

■ Although *Slodov* is not directly on point,[3] it expressly states the general purpose of § 6672 and § 7202—that a person has an obligation to both withhold and pay over the tax. As such, when an individual fails to perform one of the required duties, he is subject to conviction under § 7202.

We conclude, consistent with the holdings of *Evangelista* and *Thayer* and the Supreme Court's reasoning in *Slodov*, that Gilbert was properly convicted under § 7202 for failing to pay over the taxes he withheld from his employees.

### B. Insufficient Evidence

■ Gilbert asserts that there was insufficient evidence to prove that he *willfully* failed to account for and pay over withholding taxes, and as such the district court erred by denying his motion for judgment of acquittal. "Willfulness in the context of criminal tax cases is defined as a voluntary, intentional violation of a known legal duty ... [it] need not include bad faith or bad purpose." *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir.1992) (citation omitted).

Gilbert contends that his failure to pay over the withholding tax was not willful because BITW did not have the funds to pay the taxes. The Government, however, asserts that it presented sufficient evidence at trial that Gilbert voluntarily and intentionally paid net wages to his employ-

ees with knowledge that withholding taxes were not being remitted to the IRS. *See Sorenson v. United States*, 521 F.2d 325, 328 (9th Cir.1975) (addressing § 6672 and holding that "the payment of net wages in circumstances where there are no available funds in excess of net wages from which to make withholding is a willful failure to collect and pay over under § 6672."). We agree with the Government that Gilbert's act of paying wages to his employees, instead of remitting withholding taxes to the IRS, shows that he voluntarily and intentionally violated § 7202. Thus, we find the district court did not err in finding that Gilbert's failure to pay over the withholding tax was willful.

### C. Statute of Limitations

■ Gilbert contends that the applicable statute of limitations for § 7202 is three years, not six years, as determined by the district court. Gilbert's argument is based on whether the language of 26 U.S.C. § 6531(4)[4] applies to § 7202. Gilbert asserts that § 6531 does not apply to § 7202, citing *United States v. Brennick*, 908 F.Supp. 1004 (D.Mass.1995), and *United States v. Block*, 497 F.Supp. 629 (N.D.Ga. 1980).

Three appellate courts have addressed this issue, and all three courts have concluded that the six-year statute of limitations under § 6531(4) applies. *See United States v. Gollapudi*, 130 F.3d 66, 68–71 (3rd Cir.1997); *Evangelista*, 122 F.3d at 119; *United States v. Porth*, 426 F.2d 519,

3. In *Slodov*, the Court addressed the civil section of the statute and a different question than we address here. Nonetheless, its reasoning lends support to the Government's construction of § 7202.

4. 26 U.S.C. § 6531 provides in pertinent part: No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the informa-

tion instituted within 3 years next after commission of the offense, except that the period of limitation shall be six years—
    (4) for the offense of willfully failing to pay any tax, or make any return (other than a return required under authority of part III of subchapter A of chapter 61) at the time or times required by law or regulations.

522 (10th Cir.1970). The Third Circuit's holding is especially persuasive explaining that:

> Under a plain reading of this statute, we find it clear that violations of § 7202 are subject to a six-year statute of limitations under § 6531(4). Specifically, 26 U.S.C. § 7202 makes it an offense for an employer to willfully fail to "account for and pay over" to the IRS taxes withheld from employees. Given that § 6531 pertains to "failing to pay any tax," the District Court correctly found that the failure to pay third-party taxes as covered by § 7202 constitutes failure to pay "any tax," and thus, is subject to the six-year statute of limitations under § 6531(4).

*Gollapudi,* 130 F.3d at 70.[5]

Based on the holdings of the other three circuits, we find the six-year statute of limitations under § 6531(4) applies to § 7202.

### D. Vindictive Prosecution

██ Gilbert contends that his case involved vindictive prosecution because criminal charges were filed against him in retaliation for the exercise of his legal right to successfully bring an action against the IRS for unauthorized disclosures by an IRS Special Agent during the investigation of his case.[6]

In this case, the district court found insufficient evidence to support a claim of vindictive prosecution. Because we agree that there is no evidence giving rise to a presumption of vindictiveness, Gilbert's claim fails even under a de novo standard.

██ A prosecutor violates a defendant's due process rights when he brings additional charges solely to punish the defendant for the exercise of constitutional or statutory rights. *United States v. Noushfar,* 78 F.3d 1442, 1446 (9th Cir.1996). To establish a claim of vindictiveness, a defendant must make a threshold showing that charges of increased severity were brought because he "exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." *Id.* (emphasis omitted). Once this threshold showing is made, the burden shifts to the prosecution to demonstrate a non-vindictive reason for the prosecution. *Id.*

Gilbert relies on the testimony of two former IRS agents to support his argument. According to the former IRS agents, Gilbert's case breached many of the IRS's express policy protocols governing criminal investigations. Gilbert contends that his successful legal action against the IRS and the radical departure from IRS protocol shows that this prosecution was vindictively motivated.

The district court held that the "defendant has provided no evidence to show that the government's decision to seek an indictment of defendant, or that the contents of the indictment, were in any way connected to defendant's civil suit against the IRS or to any other exercise of his procedural, statutory or constitutional right." *See United States v. Robison,* 644 F.2d

---

5. *Gollapudi* also addressed the cases of *Block* and *Brennick,* cited by Gilbert, and explained that "it would be inconsistent for Congress to have prescribed a six-year limitation period for the misdemeanor offense defined in 26 U.S.C. § 7203 (failure to file a return or pay a tax) while providing only a three-year limitation period for the felony offense defined in § 7202." 130 F.3d at 71.

6. The civil suit was based on Gilbert's allegation that the IRS Special Agent revealed his tax returns to one of his former employees in an effort to sway the testimony of that employee. According to Gilbert, the suit was settled in his favor.

1270, 1273 (9th Cir.1981) ("The mere fact that [a] prosecution followed the exercise of certain procedural rights in other, unrelated cases is insufficient to raise the appearance of vindictiveness.").

■ We agree with the district court that Gilbert's allegations of misconduct on the part of the IRS are not relevant to his claim of vindictive prosecution. In all but the most extreme cases, it is only the biases and motivations of the prosecutor that are relevant. *See United States v. Gomez–Lopez*, 62 F.3d 304, 306 (9th Cir. 1995). The purported motivation of another agency, the IRS, is no indication that the prosecutor brought charges against Gilbert to punish him for his action against the IRS.

### E. Preindictment Delay

■ As a final argument, Gilbert contends he was denied due process because of the delay in filing charges against him.

■ The Fifth Amendment guarantees that criminal defendants shall not be denied due process as a result of excessive pre indictment delay. *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1992). To show such a violation, a defendant must show that he suffered "actual, non-speculative prejudice from the delay," *United States v. Doe*, 149 F.3d 945, 948 (9th Cir.1998) (citation omitted), and that the delay, when weighed against the government's reasons for it, "offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Sherlock*, 962 F.2d at 1353–54 (citation omitted).

According to Gilbert, the delay in filing charges against him resulted in losing testimony from two accountants who could not remember conversations they had regarding this case. Gilbert further argues that during the delay the lead IRS agent on his case developed mental incompetence and could no longer be used as a witness.

This court has found "the burden of showing actual prejudice is heavy and [ ] is rarely met." *Doe*, 149 F.3d at 948. The district court found that Gilbert's claims are purely speculative because his assertions that critical testimony was lost are not substantiated by any specific evidence. We agree with the district court that Gilbert did not substantiate his claim by showing how the testimony from these witnesses would have benefitted his case. A simple allegation that testimony was lost is not enough. As such, we find the district court did not err in concluding that Gilbert was not prejudiced by preindictment delay.

In sum, we reject Gilbert's arguments and affirm the judgment of conviction in the district court.

AFFIRMED.