**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Terence HARRISON, Defendant– Appellant.**

No. 01–50008.

D.C. No. CR–98–00429–WMB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2002.

Decided March 14, 2002.

Before PREGERSON, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM *

Appellant Terence Harrison appeals the district court's denial of his motion to dismiss the indictment against him for preindictment delay. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Harrison was convicted of one count of mail fraud for his part in a scheme to defraud lending institutions by submitting false loan applications. *See* 18 U.S.C. §§ 1341, 1342. Although the last allegedly unlawful act occurred in 1993, and the government's investigation commenced on or before that date, Harrison was not indicted until 1998, days before the expiration of the five-year statute of limitations. Harrison was convicted on the strength of the testimony of two informants, including his ex-wife and former business partner, and another alleged coconspirator. Harrison asserted that, as a result of the government's unreasonable delay, business records were destroyed that would have impeached his ex-wife's testimony and corroborated his defense that he knew nothing of the fraud. The district court rejected Harrison's motion. After holding several hearings regarding the contents of the lost records, the court concluded that Harrison had suffered no actual prejudice. The court concluded that the evidence against Harrison "was overwhelming." Although "both of the government's witnesses were subject to some impeachment," "their testimony was credible and did establish the knowledge and guilt of the defendant."

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

We review for abuse of discretion the trial court's denial of Harrison's motion to dismiss for preindictment delay. *United States v. Mills*, 280 F.3d 915, 919 (9th Cir.2002). The district court's finding that Harrison failed to establish prejudice is reviewed for clear error. *United States v. Doe*, 149 F.3d 945, 947–48 (9th Cir.1998).

Preindictment delay is governed by a two-pronged test. Under the first prong, a defendant must prove that he "suffered actual, non-speculative prejudice from the delay." *Doe*, 149 F.3d at 948 (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir.1989)). Showing actual prejudice entails proof by "definite and non-speculative evidence" that loss of testimony or physical or documentary evidence "meaningfully impaired the defendant's ability to defend himself." *Mills*, 280 F.3d 915, 920. "[T]he burden of showing actual prejudice is heavy and [ ] is rarely met." *United States v. Gilbert*, 266 F.3d 1180, 1187 (9th Cir.2001) (quoting *Doe*, 149 F.3d at 948) (alteration in original). "Under the second prong, a defendant must show the delay, when balanced against the prosecution's reasons for it, offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Doe*, 149 F.3d at 948 (internal quotation marks and citation omitted).

■ We find no clear error in the district court's finding that Harrison failed to establish actual prejudice. In *Mills*, the preindictment delay prevented the defendant from calling a witness who would have testified that he was the marijuana patch's sole cultivator. We held that the jury still could have convicted the defendant, despite the witness's admission, "if it believed that [the defendant] and [the witness] were cultivating and planning to distribute marijuana together." *Mills*, 280 F.3d 915, 920. Thus, the defendant had not established actual prejudice. Here too,

even if Harrison had been able to introduce the lost business records, the court could have convicted him if it believed the government witnesses because the records would not have precluded a finding that Harrison knew about and participated in the fraud.

■ Harrison also argues that the district court should have permitted him to make a lesser showing of prejudice because the government's reasons for delay were unreasonable and in bad faith. We reject that argument. The government's reasons for delay, and any bad faith, are weighed against the prejudice to the defendant only under the second prong. Because Harrison failed to satisfy the first prong by showing actual prejudice, the district court properly abstained from considering those factors. *See id.* at 920 ("Because Mills did not show actual prejudice, we need not consider the Government's reasons for the delay."); *Doe*, 149 F.3d at 949 (because "the district court did not clearly err by finding that Appellant failed to establish actual prejudice ... we need not address the second prong of the due process test").

The decision of the district court denying Harrison's motion for dismissal for preindictment delay is therefore AFFIRMED.