**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────

**No. 09-4924**

───────

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff - Appellee,

　　　v.

CELINA V. LORD,

　　　　　　　Defendant - Appellant.

───────

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge.  (1:09-cr-00159-JCC-2)

───────

Argued: October 27, 2010　　　　Decided: December 13, 2010

───────

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────

Affirmed in part, vacated in part, and remanded by unpublished
opinion.  Judge Keenan wrote the opinion, in which Judge Motz
and Senior Judge Hamilton joined.

───────

**ARGUED:** Mark John Petrovich, PETROVICH & WALSH, PLC, Fairfax,
Virginia, for Appellant.  Mark Sterling Determan, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  **ON
BRIEF:** John A. DiCicco, Acting Assistant Attorney General, Alan
Hechtkopf, Karen Quesnel, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C.; Neil H. MacBride, United States Attorney,
Alexandria, Virginia, for Appellee.

───────

Unpublished opinions are not binding precedent in this circuit.

KEENAN, Circuit Judge:

Celina Lord appeals her convictions by a jury on six counts of willfully failing to make payroll tax payments for her employer, ASSC, Inc. (ASSC), in violation of 26 U.S.C. § 7202. The district court sentenced Lord to a total of 21 months' imprisonment followed by three years of supervised release. As a condition of her supervised release, the district court also ordered Lord to pay $776,849.47 in restitution to the United States government. See 18 U.S.C. §§ 3583(d), 3563(b).

Lord contends that the district court erred: 1) in purportedly permitting an Internal Revenue Service (IRS) revenue officer to testify about Lord's state of mind; 2) in providing the jury a particular definition of negligence; and 3) in denying Lord's motion under Rule 29 for a judgment of acquittal, in which Lord asserted that the evidence was insufficient to support the convictions. For the reasons discussed below, we affirm Lord's convictions and sentences, finding error only in the amount of restitution ordered by the district court.

I.

The record before us shows that certain types of employers, including ASSC, are required to withhold employment taxes from their employees' wages. See Erwin v. United States, 591 F.3d 313, 319 (4th Cir. 2010). The employer holds the money in

3

"trust for the United States" until making a federal tax payment in the amount of the withheld funds.  26 U.S.C. § 7501(a); see 26 U.S.C. §§ 3102, 3402.  Because employment taxes are held in trust, they commonly are referred to as "trust fund taxes."  See Plett v. United States, 185 F.3d 216, 218 (4th Cir. 1999).

If the IRS is unable to collect "trust fund taxes" from an employer, as occurred in this case, the IRS may impose liability on the employer's officers or employees when two requirements are met.  First, the officer or employee must have had a duty to "collect, account for, and pay over" employment taxes for the employer.  See 26 U.S.C. §§ 7202, 6672(a).  An individual who exercises this authority is referred to as a "responsible person."  See Slodov v. United States, 436 U.S. 238, 246 n.7 (1978); Plett, 185 F.3d at 218-19.  Second, this responsible person must willfully have failed to perform these tax-related duties.  See 26 U.S.C. §§ 7202, 6672(a).  If both conditions are satisfied, the employee may be personally liable to pay civil penalties under 26 U.S.C. § 6672(a) (trust fund recovery penalties), or may face criminal sanctions and imprisonment under 26 U.S.C. § 7202.

In the present case, ASSC failed to pay over employment taxes to the federal government from the fourth quarter of 2001 through the second quarter of 2004.  Celina Lord was the chief

4

financial officer and the acting president of ASSC during the period that ASSC failed to comply with federal tax laws.

## II.

The evidence at trial showed that Jannette Green, a revenue officer for the IRS, was assigned responsibility for collecting delinquent employment taxes owed by ASSC. As part of her duties, Green conducted interviews with Lord and Linda Smith, the president of ASSC, to determine whether they were personally liable for trust fund recovery penalties under 26 U.S.C. § 6672(a), based on their role in ASSC's failure to make employment tax payments.[1]

Green first testified regarding her conversations with Smith. Green stated that she explained to Smith the IRS's procedures for determining civil liability to pay trust fund recovery penalties. Green informed Smith "that [as part of its collection efforts, the IRS makes] a determination based on willfulness and responsibility to determine who was actually responsible for having turned over [withheld employment taxes] to the government and failed to do so."

---

[1] Linda Smith had taken a long-term leave of absence from the company during the first half of 2001, and at some time thereafter had appointed Lord to serve as acting president during Smith's absence.

5

Lord's counsel raised an objection, asserting that any statements by Green regarding which individuals at ASSC were responsible for payment of employment taxes would improperly invade the province of the jury to decide an element of the offense charged. Counsel for the government responded, suggesting that the district court instruct the jury that Green was only testifying about her discussions with Smith regarding her liability for civil penalties, and not about conclusions Green may have drawn about Lord's responsibility under the criminal statute. Lord's counsel accepted the government's proposal, stating, "All right."

After a brief recess, the district court instructed the jury, "You had some testimony from Ms. Green on responsible party under her theory. The question of who is the responsible party is a question of law, and it's not for Ms. Green to make that decision." Lord's counsel did not object to this instruction.

Counsel for the government resumed his direct examination of Green. In response to a question, Green testified, "I would have told [Smith] that based on the interview I conducted . . . that I had deemed that [Smith] was both willful and responsible for . . . having withheld money from employees' paychecks for taxes and Social Security and not having paid it over to the government."

6

Green gave similar testimony regarding her conversations with Lord, except that Green did not use the word "willful." Lord objected to the government's questions eliciting this testimony as leading, and to Green's testimony as irrelevant. The district court overruled Lord's objections. Green testified, "I told [Lord] how we determined who was responsible. And I told her that based on the interview, that I would be holding her responsible for the trust fund [recovery] penalties."

A.

We ordinarily review a district court's evidentiary rulings for abuse of discretion. See United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010). However, when an evidentiary issue is raised for the first time on appeal, our consideration is limited to a plain error review. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010); see Fed. R. Crim. P. 52(b). Under the plain error standard, to constitute reversible error, the district court's error must be "plain" and must have affected a party's "substantial rights." Lynn, 592 F.3d at 577.

Lord maintains for the first time on appeal that Green testified as an expert witness based on her specialized training as an IRS revenue officer, including her knowledge of the relevant provisions of the Internal Revenue Code. Lord argues

7

that Green improperly rendered opinion testimony regarding Lord's mental state in violation of Federal Rule of Evidence 704(b), which prohibits an expert witness from "stat[ing] an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged." Fed. R. Evid. 704(b). Lord further notes that under Rule 704(b), this inquiry is a "matter[] for the trier of fact alone." Id.

In addressing this argument, we initially observe that the government did not attempt to qualify Green as an expert witness, and that Lord did not raise an objection in the district court challenging Green's statements as being inadmissible expert testimony. Thus, we review the district court's admission of Green's testimony under the plain error standard. See Lynn, 592 F.3d at 577.

The jury was charged, pursuant to 26 U.S.C. § 7202, with determining whether Lord was "required" to "collect, truthfully account for, and pay over" employment taxes, and whether she willfully failed to do so. This inquiry did not require specialized knowledge or involve particular terms of art. See Fed. R. Evid. 702. The words used in § 7202 carry the same meaning under the statute that they do in everyday use. Thus, Green's testimony describing her conversations with Lord about Lord's responsibility to pay over the employment taxes and her

8

liability to pay civil penalties did not constitute "expert" testimony.

Even if we assume, without deciding, that Green effectively rendered expert testimony, that testimony did not violate Rule 704(b). Green did not opine about Lord's state of mind regarding a subjective intent to violate 26 U.S.C. § 7202. Although Green testified that she told Lord she would be responsible to pay civil penalties, Green did not make any statements regarding Lord's willfulness under § 7202 in failing to pay over the employment taxes. Additionally, while Green testified that Smith acted willfully, Green's statement regarding Smith was not probative of Lord's culpability under § 7202, and thus did not have a prejudicial effect on the jury's consideration of the issue whether Lord acted willfully.[2]

We also note that after the close of all the evidence, the district court carefully instructed the jury by defining the terms contained in 26 U.S.C. § 7202. The district court further stated, "If you find the defendant was not a responsible person,

_____

[2] For this same reason, we disagree with Lord's alternative argument that if Green testified as a lay witness, her testimony regarding willfulness violated Federal Rule of Evidence 701(a), which limits a lay witness' testimony to opinions "rationally based on the perception of the witness." Fed. R. Evid. 701(a). As stated above, Green did not testify that Lord acted willfully, and Green's testimony regarding Smith's conduct was not probative of, or prejudicial to, the jury's consideration of the issue of Lord's willfulness.

then you will not consider any other issue. On the other hand, if you conclude the defendant was a responsible person, you must decide whether the defendant acted 'willfully' in the failure to collect, truthfully account for and pay over taxes to the Government." These instructions, together with the unchallenged limiting instruction given to the jury during Green's testimony, plainly informed the jurors that they, not Green, had the ultimate authority to decide whether Lord was a responsible party who willfully failed to pay over the employment taxes under the terms of § 7202. We therefore conclude that the district court did not plainly err in allowing the portions of Green's testimony at issue here.

B.

We turn to consider Lord's challenge to the district court's supplemental jury instruction defining negligence. In its initial charging instructions, the district court defined the term "willful," stating, "[t]o act willfully means to act voluntarily and deliberately and intending to violate a known legal duty." The court then explained that "[n]egligent conduct is not sufficient to constitute willfulness."

During its deliberations, the jury asked the district court to define "negligent conduct." The district court informed

10

counsel that the court would respond that "negligence is a failure to exercise ordinary, reasonable care."

Lord objected to this definition, asserting that the district court either should decline to define "negligent conduct," or should include in its definition the phrase "[care that a] reasonable person would exercise." The district court proceeded to instruct the jury in accord with the court's initial proposal.

We review the district court's decision to give this jury instruction for abuse of discretion. See United States v. Abbas, 74 F.3d 506, 513 (4th Cir. 1996). Thus, we will not reverse Lord's convictions on this basis unless the instructions, taken together, did not adequately state the controlling legal principles. United States v. Jeffers, 570 F.3d 557, 566 (4th Cir. 2009).

The parties agree that the determination of willfulness, for purposes of § 7202, requires a subjective assessment of a defendant's conduct. Lord does not challenge the definition of "willful" given by the district court, but suggests that in defining negligence for the jury, the district court improperly implied that willfulness, like negligence, is determined objectively from the viewpoint of a reasonable person.

We find no merit in Lord's argument. At the outset, we note that Lord expressly invited the district court to include

11

in its definition of "negligent conduct" language regarding a "reasonable person." See United States v. Herrera, 23 F.3d 74, 76 (4th Cir. 1994). Moreover, the district court correctly defined both "willful" and "negligent" conduct. As stated above, the district court also expressly distinguished negligence from willfulness, and instructed the jury that negligent acts cannot form the basis for a violation of § 7202. Thus, we hold that the district court did not abuse its discretion in giving the jury the supplemental instruction at issue.

### C.

We next address Lord's argument that the district court erred in denying her motion under Rule 29 for a judgment of acquittal, in which she argued that the evidence was insufficient to support her convictions. We review the district court's ruling de novo. United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008).

When a Rule 29 motion is based on a claim of insufficient evidence, the jury verdict must be sustained if there is "substantial evidence" to support the verdict, taking the view most favorable to the government. Id. The evidence is considered "substantial" if a reasonable finder of fact could accept the proof as sufficient to support a defendant's conviction beyond a reasonable doubt. Id. To obtain a reversal

12

of a conviction on the ground that the evidence was insufficient, the prosecution's failure of proof must be clear. United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc).

Lord contends first that the government failed to prove that she "had a duty to collect, truthfully account for, and pay over" employment taxes on behalf of ASSC. We disagree with Lord's argument.

The evidentiary record contains substantial evidence showing that Lord was a "responsible person" required to pay over employment taxes on behalf of ASSC. Lord conceded during her testimony that she exercised authority over the finances of ASSC. She not only was authorized to sign employment tax returns, but also had the ability to transfer the sums withheld for taxes to the accounting service used by ASSC.

Other ASSC employees testified that Lord controlled the day-to-day operations and finances of ASSC throughout the time periods at issue. Smith testified that Lord had signature authority over the bank account used by ASSC to pay all bills, including payroll taxes. Smith further stated that Lord had permission to file ASSC's tax returns and to pay over the employment taxes. Taken together, this evidence was sufficient to permit the jury to find beyond a reasonable doubt that Lord

13

was responsible for withholding and paying over employment taxes on behalf of ASSC.

Lord argues, nevertheless, that the government failed to prove that her failure to perform this duty was willful.  This argument, however, is refuted directly by the record.  The jury heard evidence that Lord was aware of the importance of filing tax returns.  Prior to accepting the position of chief financial officer for ASSC, Lord had been an accountant for almost twenty years.  In at least two of her previous jobs, Lord was involved with, or was in charge of, ensuring that her employer's payroll taxes were properly filed and paid.  Further, Lord conceded in her trial testimony that one of her "higher priorities" at ASSC was to "file and to pay all outstanding taxes."

Lord repeatedly testified that she was too busy with other responsibilities, and had to satisfy other debts and pay employee wages, before she made ASSC's employment tax payments. Such acts, of paying wages and of satisfying debts to creditors in lieu of remitting employment taxes to the IRS, constitute circumstantial evidence of a voluntary and deliberate violation of § 7202.  See United States v. Gilbert, 266 F.3d 1180, 1185 (9th Cir. 2001).  Lord's willfulness also can be inferred from her pattern of failing to pay over the taxes for an extended period of time.  See United States v. Ostendorff, 371 F.2d 729,

14

731 (4th Cir. 1967); United States v. Greenlee, 517 F.2d 899, 903 (3d Cir. 1975).

Based on this evidence, and viewing the government's proof as a whole, we conclude that substantial evidence in the record supports the jury's conclusion that Lord willfully violated § 7702. Thus, we hold that the district court properly denied Lord's Rule 29 motion for judgment of acquittal, and we affirm Lord's convictions.

## III.

We conclude, however, that there was error in the amount of restitution ordered by the district court. Restitution is allowed only "for the loss[es] caused by the specific conduct that is the basis of the offense of conviction." Hughey v. United States, 495 U.S. 411, 413 (1990). Conduct that is relevant to the government's proof but does not form a basis for the conviction may not be considered in ordering restitution. United States v. Newsome, 322 F.3d 328, 341 (4th Cir. 2003).

The parties agree that the proper amount of restitution attributable to the conduct underlying Lord's conviction is $330,430.79, rather than the amount of $776,849.47 ordered by the district court. The government concedes that this error was not harmless. We therefore affirm Lord's convictions and sentences, with the sole exception of the restitution ordered in

15

this case.  We vacate the restitution provision in the district court's final judgment order, and we remand the case to the district court for the limited purpose of entry of final judgment reflecting the corrected amount of restitution.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

16