**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30258 |
| Plaintiff - Appellee, | D.C. No. 1:06-cr-00126-BLW |
| v. | |
| GREGORY FRANK SPEROW, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho, Boise
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted November 2, 2010
Portland, Oregon

Before:    W. FLETCHER and FISHER, Circuit Judges, and BURY,
District Judge.**

_____

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The Honorable David C. Bury, United States District Judge for the
District of Arizona, sitting by designation.

Defendant Gregory Sperow appeals his conviction, pursuant to a guilty plea, for conspiracy to distribute controlled substances and conspiracy to launder money. Sperow reserved the right to appeal the denial of his motion to dismiss the indictment for preindictment delay in violation of the Fifth Amendment and postindictment delay in violation of the Sixth Amendment and the Speedy Trial Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm on all issues.

Sperow argues the government violated the Fifth Amendment because it delayed issuing the indictment for more than two years after he was arrested in 2004.

"The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive preindictment delay." *United States v. Gilbert*, 266 F.3d 1180, 1187 (9th Cir. 2001) (citing *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1992)). The Fifth Amendment plays a limited role in protecting against oppressive preindictment delay because statutes of limitations provide a predictable, legislatively enacted limitation on prosecutorial delay. *United States v. Lovasco*, 431 U.S. 783, 788-789 (1977).

We apply a two-part test to determine if preindictment delay violated the Fifth Amendment. We ask: 1) whether the defendant suffered actual, non-speculative prejudice from the delay, and 2) whether the delay, when balanced

2

against the prosecution's reasons for it, "offends those 'fundamental conceptions of justice which lie at the base of our civil and political institutions.'" *Gilbert*, 266 F.3d at 1187 (quoting *Sherlock*, 962 F.2d at 1353-54) (citations omitted)). To satisfy the first prong, a defendant must show how the testimony of lost witnesses would have benefitted his defense. *Id.*

The district court denied the motion to dismiss because Sperow failed to offer any evidence as to what the testimony witnesses who died or became unavailable during the delay would have entailed, or how such testimony would have assisted in his defense. *See United States v. Corona-Verbera*, 509 F.3d 1105, 1113 (9th Cir. 2007) (failing to make a specific showing as to what a deceased witness would have said makes argument of prejudice "pure conjecture"); *United States v. Dudden*, 65 F.3d 1461, 1466 (9th Cir. 1995) (showing testimony could have been exculpatory is not the same as showing it would have benefitted the defense).

A defendant must satisfy the first prong of the test before the court even considers the second prong. *United States v. Huntley*, 976 F.2d 1287, 1290-91 (9th Cir. 1992). This is not a close call, and Sperow bears a "heavy burden." *Id*. The district court did not err in finding that Sperow failed to show actual prejudice. There is no need to consider whether preindictment delay offended the

3

fundamental conceptions of justice. We review the district court's decision regarding preindictment delay for an abuse of discretion, *Sherlock*, 962 F.2d at 1354), and affirm the denial of the motion to dismiss under the Fifth Amendment.

Sperow argues that the government violated the Speedy Trial Act because the indictment against him was unsealed on September 13, 2006, and the trial date, June 18, 2008, was 21 months after his initial appearance.

The Speedy Trial Act requires a defendant, charged with a crime, to be brought to trial within 70 days from the filing date of the indictment or the date of the defendant's initial appearance in the court in which the charges are pending, whichever date occurs last. 18 U.S.C. § 3161(c)(1). "If the defendant is not brought to trial within the 70-day period mandated by the Speedy Trial Act (subtracting all properly excludable periods of delay), then the defendant may move for a dismissal of the indictment." *United States v. Medina*, 524 F.3d 974, 980 (9th Cir. 2008) (citing 18 U.S.C. § 3162(a)(2)).

In a case with co-defendants, the "speedy trial clock starts running after the indictment or arraignment (whichever comes last) of the last defendant." *United States v. Daychild*, 357 F.3d 1082, 1090 (9th Cir. 2004). *See also Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) (all defendants joined for trial generally fall within the same speedy trial computation of the latest defendant)).

"[A]ny calculation affecting one defendant applies to the other, [if] neither defendant filed a motion for severance." *Daychild*, 357 F.3d at 1091. Resetting the clock upon the return of a superseding indictment against a new defendant synchronizes the original defendant with the newly-joined defendant. *United States v. King*, 483 F.3d 969, 973-74 (9th Cir. 2007).

Sperow argues that the speedy trial clock expired during the approximately four-month time period between October 2007 and February 2008 when, he alleges, the government let the case sit while trying to resolve it by plea agreements instead of preparing for trial.

On June 8, 2007, the **g**overnment unsealed the first superseding indictment. Sperow does not challenge the legitimacy of the superseding indictment to reset the speedy trial clock. At this time, defendant McDonald was the last defendant to appear, and his arraignment reset the speedy trial clock for all defendants, with a trial date of November 26, 2007. On October 11, 2007, the district court held a status conference to discuss and synchronize the trial schedule for all defendants. All defendants, including Sperow, agreed an extension was necessary for effective preparation, and the district court reset the trial date for all defendants to January 2, 2008.

There were three status conferences held from October through December. Sperow correctly charges that at each status conference the government informed the court that it intended to supersede the indictment, but never did so. What Sperow fails to recognize is that the district court never once during this time period continued the trial date. The court held the trial date of January 2, 2008, firm.

At the December status conference, and by subsequently filed supplemental briefs, the defendants, including Sperow, asked for a continuance of several months for effective trial preparation. The district court reset the trial date to January 22, 2008.

On January 9, 2008, the government filed the second superseding indictment against Sperow, Weitzman, and Hammons. Subsequently, the district court reset the trial to March 31, 2008, to accommodate the first appearance by Hammons on February 19, 2008. Sperow argues that the late joinder of Hammons delayed the case, but he fails to recognize that on February 20, 2008, the district court continued the trial date to June 16, 2008, at the request of defendant Weitzman to allow Weitzman and Sperow to file pretrial motions. There were further continuances, but none are at issue here.

The above chronology establishes that the trial was delayed to January 22, 2008, for excludable reasons not related to the government's alleged failure to timely file the second superseding indictment or join Hammons. Assuming the second superseding indictment had not been filed on January 9 and Hammons had not been arraigned on February 19, 2008, the trial clock would have ticked for approximately 28 days from January 22 until February 20, 2008, when the district court extended the trial date to allow Weitzman and Sperow to file pretrial motions. The chronology supports the district court's finding that based on continuances requested by defendants for effective preparation, the trial date of June 16, 2008, did not violate the Speedy Trial Act.

The district court rejected Sperow's argument that the government violated the Sixth Amendment because it intentionally and in bad faith delayed issuing the second superseding indictment, delayed joining Hammons, and disclosed evidence to defendants in dribs and drabs. The district court's finding that delay in discovery and issuing the second superseding indictment were due to the complexity of the case is entitled to considerable deference. *United States v. Aguirre*, 994 F.2d 1454, 1457 (9th Cir. 1993) (citing *Doggett v. United States*, 505 U.S. 647, 652 (1992)). Sperow points to nothing in the record to reflect this finding was clearly erroneous.

Where the government acts with reasonable diligence, the defendant is required to show actual prejudice to prevail. *Id*. As the district court correctly found, Sperow's assertions of prejudice were speculative. More importantly, Sperow played a role in the delay.

Although it is the responsibility of the government, including the court, to prosecute the case and affirmatively protect society and a defendant's right to a speedy trial, *United States v. Lam*, 251 F.3d 852, 861 n.11 (9th Cir. 2001) (citing *United States v. Hall*, l81 F.3d 1057, 1060-61 (9th Cir. 1999)), a defendant's failure to assert the right and his acquiescence in the delay are speedy trial factors, *Id*. (citing *Barker v. Wingo*, 407 U.S. 514, 533 (1972)).

When considering whether the length of delay will trigger a speedy trial inquiry, we must first find the delay passed the one-year threshold point for being presumptively prejudicial. *Doggett*, 505 U.S. at 652. Here, the threshold was met. Therefore, we must consider the extent to which the delay exceeded the threshold point in light of the degree of diligence by the government and acquiescence by Sperow. *United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993).

Sperow did not assert his right to a speedy trial until April 1, 2008, the deadline for filing his pretrial motions and approximately 19 months after his arraignment. He never opposed any motion of any defendant for a continuance.

8

Sperow withdrew his severance motion after Weitzman's trial date had to be continued because he was diagnosed with cancer. Based on Sperow's stipulation, the trial was reset to September 29, 2008, and Sperow pled guilty on September 3, 2008. Sperow acquiesced to the continuances he now challenges, and he made a late assertion of his speedy trial rights. He may not use his speedy trial right as a shield and a sword nor to sandbag the government right before trial. *Id*. at 1331.

The district court did not err in denying the motion to dismiss under the Sixth Amendment and the Speedy Trial Act.

AFFIRMED.