IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2008

Charles R. Fulbruge III
Clerk

No. 07-40224

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JAMES VAN METER; ANITA VAN METER

Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Texas, Sherman
USDC No. 4:06-CR-66-1 & 4:06-CR-66-2

Before KING, HIGGINBOTHAM, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A jury convicted James and Anita Van Meter of tax evasion. The Van Meters argue the evidence against them should have been suppressed and also challenge the sufficiency of the evidence against Anita. Finding no error, we affirm.

## I. Background

James and Anita Van Meter admittedly have not filed a federal income tax return for many years, including 1999 and 2000. The Van Meters stated they

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

did not believe they were required to pay taxes because they each signed a vow of poverty[1] in 1990. Shortly after signing their vows, they created a series of trusts and transferred their assets, including their home, to the trusts. In addition to the trusts, the Van Meters also set up an offshore account and business entity to facilitate their personal financial transactions.

In 1996, the Van Meters opened the Wellness Center in Lewisville, Texas. The clinic provided treatments as an alternative to traditional medical care. The Van Meters argue that their clinic was more of a ministry than an income producing business. According to the Van Meters, patients did not have to pay for treatment at the clinic, but voluntary contributions were accepted in exchange for treatment.

The Internal Revenue Service began investigating the Van Meters after a separate investigation produced information that the Van Meters made numerous purchases using an offshore debit card account. On May 22, 2003, IRS Special Agent Rodney Connor served a subpoena to James Van Meter for certain documents. After the subpoena was served, the IRS received information that the Van Meters were possibly moving and destroying documents relevant to the investigation.

Agent Connor applied for and obtained a search warrant for certain records at the Van Meters' clinic. Agent Connor executed the warrant at the clinic on May 29, 2003. The warrant authorized the seizure of documents and information relating to personal and business income and expenses for the Van Meters in order to establish their tax liability for 1998 - 2002, but did not seek computer records for the 1999 tax year.

---

[1] IRS Publication 517 provides that earnings may not be subject to self-employment tax if a person is "a member of a religious order who has taken a vow of poverty." In such cases, the "earnings are considered the income of the religious order."

On March 9, 2006, a federal grand jury returned a two count indictment against James and Anita Van Meter for tax evasion for the tax years 1999 and 2000. The Van Meters filed a motion to suppress records seized from the clinic. The district court denied the motion to suppress. On September 22, 2006, a jury convicted the Van Meters as charged in the indictment.

The district court sentenced the Van Meters to each serve fifty-one months' imprisonment on each count to run concurrently, three years of supervised release, to pay restitution in the amount of $768,415.05 for the unpaid taxes and interest due, a fine of $50,000, and a $200 assessment. The Van Meters appealed.

## II. Discussion

### A. Validity of warrant

Records seized in the search of the clinic and introduced into evidence at trial included the following: 1) patient account statements; 2) what were called "aged receivable reports"; 3) invoice sales books; and 4) an account overdue letter. The Van Meters argue that the warrant lacked particularity and that the good-faith exception does not apply. They argue that the warrant's description of "computer related equipment and materials" lacks particularity. In the Van Meters' reply brief, they clarify that their argument is that the warrant is facially overbroad, a point argued in their motion to suppress.

In reviewing whether a search warrant was sufficiently particular, the court must "ask whether the description in the warrant would permit an executing officer to reasonably know what items are to be seized." United States v. Shugart, 117 F.3d 838, 845 (5th Cir. 1997) (internal citation and quotation omitted). "The items to be seized must be described with sufficient particularity such that the executing officer is left with no discretion to decide what may be seized." Williams v. Kunze, 806 F.2d 594, 598 (5th Cir. 1986). Where "all the records of a business are likely to constitute evidence, a warrant authorizing the

seizure of all such records and describing them in generic terms is sufficient to meet the particularity requirement of the fourth amendment." Id.

The warrant which Agent Connor executed cited the statute criminalizing tax evasion and included limiting language, itemizing what records could be seized. The patient account statements, receivable reports, invoice sales books, and account overdue letters all fit into Attachment B to the warrant under the section detailing the items to be seized. Attaching such an itemized list gives a warrant sufficient particularity. Groh v. Ramirez, 540 U.S. 551, 556-60 (2004). We find this warrant sufficient and thus need not consider the good-faith exception. See United States v. Loe, 248 F.3d 449, 460-62 (5th Cir. 2001).

B. Sufficiency of evidence

Anita Van Meter argues that the evidence on the element that she willfully evaded paying her taxes was insufficient. The sufficiency of evidence against James Van Meter is not challenged on appeal. The Van Meters moved for acquittal in the district court, preserving this issue for appeal.

A challenge to the sufficiency of the evidence is reviewed to "determine whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." United States v. Williams, 520 F.3d 414, 420 (5th Cir. 2008) (internal quotation marks and citation omitted). Anita Van Meter was charged with and convicted of violating 26 U.S.C. § 7201. The Government had to prove: "(1) willfulness, (2) existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax." United States v. Nolen, 472 F.3d 362, 377 (5th Cir. 2006) (internal quotation marks and citation omitted).

At trial, the Government presented evidence that Anita knew she had a duty to pay taxes, including the long history the Van Meters had of challenging their tax obligations, a previous IRS audit, and an agreed tax deficiency that the

Van Meters never paid. In addition, the Government presented testimony that Anita expressed a defiant attitude about paying taxes and that she thought the tax system was unfair. There was also evidence that the Van Meters instructed that a legal settlement be paid out in multiple increments of $9,500 to avoid the $10,000 threshold that would require a bank to file a currency transaction report for cash transactions exceeding $10,000. See 31 U.S.C. § 5313.

There was evidence that despite Anita's vow of poverty, she lived a lavish lifestyle, living in a home valued at approximately $1,000,000, purchasing and driving a luxury vehicle, receiving and owning expensive jewelry, and purchasing other consumer items for personal use. The trial evidence supported that the Van Meters received income from their clinic, transferred the money to their offshore account, kept assets in the name of trusts but then used the assets to live an extremely comfortable lifestyle. The evidence established that Anita ran the financial aspects of the clinic and that patients were required to pay for clinic services, not just requested to make optional contributions.

The evidence presented by the Government is sufficient for a rational jury to find that Anita willfully evaded paying the tax deficiency.

The judgments of conviction are AFFIRMED.