# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60337

JESUS ROBERTO CORRAL-TREVIZO,

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2014

Lyle W. Cayce
Clerk

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A034 979 405

Before REAVLEY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jesus Roberto Corral-Trevizo (Corral), a native and citizen of Mexico, petitions for review of a decision of Board of Immigration Appeals (BIA) dismissing his appeal of a decision by an immigration judge (IJ) ordering him removed under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony. The BIA affirmed the IJ's decision only to the extent that it found that Corral's prior offense under 26 U.S.C. § 7202 categorically met the definition of an aggravated felony under Clause (i) of 8 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60337

§ 1101(a)(43)(M).  It did not address the IJ's determination that the offense met the definition under Clause (ii).

The parties concur, and a plain reading of the statute reveals, that there is at least one way to commit a § 7202 offense that does not involve fraud or deceit.  Thus, Corral's conviction is not categorically an aggravated felony.  *See Larin-Ulloa v. Gonzales*, 462 F.3d 456, 464-67 (5th Cir. 2006).  The Government urges that under the modified categorical approach, however, it is clear that Corral pleaded guilty to an offense necessarily involving fraud or deceit because the information charged Corral with "willfully fail[ing] to truthfully account for and pay" the taxes that were due.  Corral's plea agreement included a factual basis, however, indicating that Corral agreed only that he failed to pay the taxes, a failure which did not necessarily require fraud or deceit.  Corral's admission to failing to pay the tax was sufficient for a conviction under § 7202.  *See United States v. Gilbert*, 266 F.3d 1180, 1184-85 (9th Cir. 2001); *United States v. Evangelista*, 122 F.3d 112, 120-22 (2d Cir. 1997).  Thus, although the information was charged in the conjunctive, it is not clear that Corral was necessarily admitting that his offense involved fraud or deceit.  *See United States v. Morales-Martinez*, 496 F.3d 356, 358-59 (5th Cir. 2007); *cf. Descamps v. United States*, 133 S. Ct. 2276, 2288 (2013) ("[W]hatever [defendant] says, or fails to say, about superfluous facts cannot license a later sentencing court to impose extra punishment.").  Because the documents approved for review under the modified categorical approach "are insufficient to establish that [Corral] was *necessarily* convicted of an aggravated felony," i.e. one involving fraud or deceit, the petitioner must prevail.  *Larin-Ulloa*, 462 F.3d at 464 (emphasis added).

Corral's § 7202 offense was not categorically an aggravated felony under Clause (i) of 8 U.S.C. § 1101(a)(43)(M).  We do not reach the question whether

2

No. 13-60337

the offense meets the definition of an aggravated felony under Clause (ii) because the BIA did not address it.

We GRANT Corral's petition for review, VACATE the BIA's decision, and REMAND the case for further proceedings.