**UNITED STATES of America, Plaintiff-Appellee**

v.

**Jose CASILLAS-CASILLAS, Defendant-Appellant**

No. 16-50379

United States Court of Appeals, Fifth Circuit.

Filed January 5, 2017

---

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, Kenneth P. Kaplan, Assistant U.S. Attorney, U.S. Attorney's Office, El Paso, TX, for Plaintiff-Appellee.

Sergio Garcia, Federal Public Defender's Office, El Paso, TX, Maureen Scott Franco, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant-Appellant.

Before ELROD, SOUTHWICK, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

Jose Casillas-Casillas appeals the district court's imposition of a four-level enhancement pursuant to United States Sentencing Guideline § 2L2.2(b)(3)(A) for using a fraudulently-obtained United States passport card to unlawfully re-enter the country. We AFFIRM the district court's enhancement of Casillas-Casillas's sentence.

## BACKGROUND

On November 24, 2015, Jose Casillas-Casillas applied for admission to the United States from Mexico at the Bridge of the Americas Port of Entry in El Paso, TX, using a valid United States passport card bearing the name, photograph, and date of birth of one Jorge Gabriel Ra-

mirez. When the inspecting Customs and Border Protection ("CBP") officer noticed that Casillas-Casillas's facial features did not match those in the photograph, the officer questioned Casillas-Casillas. During questioning, Casillas-Casillas claimed to have obtained the passport card at the Social Security Office. The CBP officer suspected that Casillas-Casillas was an imposter and referred him to Passport Control Secondary for further inspection. There, immigration records revealed that Casillas-Casillas is a Mexican citizen who had been previously removed from the United States to Mexico on November 9, 2015. Immigration records also revealed that Casillas-Casillas had not received consent to re-apply for admission to the United States. When officers informed Casillas-Casillas of his Miranda rights, he invoked his right to counsel. He was subsequently charged with and pled guilty to attempted illegal re-entry by a removed alien in violation of 8 U.S.C. § 1326(a) and improper use of another's passport in violation of 18 U.S.C. § 1544.

Casillas-Casillas's Presentence Report ("PSR") details how the United States Sentencing Guidelines were applied in his case. First, Count One (attempted illegal re-entry by removed aliens) and Count Two (improper use of another's passport) were grouped for guideline calculation purposes. The offense level applicable to the Group was then set at the highest offense level of the counts in the Group. *See* U.S.S.G. § 3D1.2(a). The highest offense level was Count Two.

According to U.S.S.G. § 2L2.2, an offense involving the improper use of another's passport has a base offense level of eight. Two levels were added pursuant to § 2L2.2(b)(1) because Casillas-Casillas had been unlawfully present in the United States and had been deported on one or more occasions prior to the offense. A

four-level enhancement was added pursuant to § 2L2.2(b)(3)(A) because Casillas-Casillas had "fraudulently obtained or used a United States passport." Because Casillas-Casillas accepted responsibility for his offense, the offense level was decreased by two. Consequently, Casillas-Casillas's total offense level was set at twelve, which, with a criminal history category of III, provides for a guideline range of 15-21 months.

On March 23, 2016, Casillas-Casillas objected in writing to the four-level upward adjustment pursuant to § 2L2.2(b)(3)(A). He claimed that the guideline in question only applied to "regular passports," but not to passport cards. At sentencing, Casillas-Casillas again objected to the four-level adjustment. The district court denied Casillas-Casillas's objection and sentenced him to 15 months in prison. Casillas-Casillas appeals from that sentence.

### STANDARD OF REVIEW

■ We review a district court's application and interpretation of the sentencing guidelines *de novo*. *United States v. Koss*, 812 F.3d 460, 467 (5th Cir. 2016).

### DISCUSSION

■ In objecting to his sentencing enhancement, Casillas-Casillas claims that: (1) the plain language of U.S.S.G. § 2L2.2(b)(3)(A) "applies to the use of a regular passport, not to the use of a passport card;" (2) reading § 2L2.2(b)(3)(A) to extend to all types of passports would "intrude upon the Executive Branch's Department of State's clear intent to establish and define what constitutes 'types of passports;' " and alternatively, (3) the language of § 2L2.2(b)(3)(A) is ambiguous and the rule of lenity applies. We reject all three of Casillas-Casillas's arguments.

## I.

█ Casillas-Casillas claims that the plain language of U.S.S.G. § 2L2.2(b)(3)(A) only includes "regular passports" and does not include passport cards. We interpret the United States Sentencing Guidelines using "the ordinary rules of statutory construction." *United States v. Serfass*, 684 F.3d 548, 551 (5th Cir. 2012). "The text of the guideline is the starting point in the analysis. . . ." *United States v. Mendez–Villa*, 346 F.3d 568, 570 (5th Cir. 2003). Here, the plain language of § 2L2(b)(3)(A) does not distinguish between passport cards and "regular passports:" The guideline recommends a four-level enhancement "[i]f the defendant fraudulently obtained or used ... a United States passport."

In addition, the Code of Federal Regulations unequivocally states that a passport card is a United States passport. It lists passport cards as one of four "[t]ypes of passports" issued by the Secretary of State. 22 C.F.R. § 51.3. In addition, the State Department's publicly-available passport application form states that a passport card is a United States passport. *See* Application for a U.S. Passport (Card or Book), available at http://www.state.gov/documents/organization/212239.pdf (stating that "[t]he passport card is a U.S. passport issued in card format"). Because a passport card is a United States passport within the meaning of § 2L2.2(b)(3)(A), the district court did not err.

## II.

Casillas-Casillas also argues that reading § 2L2.2(b)(3)(A) to extend to passport cards would intrude upon the State Department's broad rule-making authority regarding passports. *See Haig v. Agee*, 453 U.S. 280, 291, 101 S.Ct. 2766, 69 L.Ed.2d 640 (1981). In particular, he argues that such an interpretation "would make the words *regular passport, official passport, diplomatic passport*, and *passport card* synonymous under the State Department's Regulation."

█ On this point, we do not find Casillas-Casillas's argument persuasive. The State Department has spoken clearly that the passport card is among the "[t]ypes of passports." *See* 22 C.F.R. § 51.3 (listing types of United States passports); *see also* Application for a U.S. Passport (Card or Book) (stating that "[t]he passport card is a U.S. passport issued in card format"). Furthermore, the State Department has made clear that the term "passport" refers to a general category of official travel document that comes in multiple formats. *See* 22 C.F.R. § 51.1(d) (defining passport "regardless of format"). Therefore, reading § 2L2.2(b)(3)(A) to include passport cards does not intrude on the State Department's rule-making authority.

## III.

█ Alternatively, Casillas-Casillas argues that the language of § 2L2.2(b)(3)(A) is ambiguous and the rule of lenity applies. "The rule of lenity ... applies only when, after consulting traditional canons of statutory construction, [a court is] left with an ambiguous statute." *United States v. Shabani*, 513 U.S. 10, 17, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Casillas-Casillas argues that because he and the Government disagree as to whether § 2L2.2(b)(3)(A) includes passport cards, "the Guideline [is], at the very least, ambiguous." But a statute should not be deemed ambiguous for purposes of lenity "merely because it was *possible* to articulate a construction more narrow than that urged by the Government." *Moskal v. United States*, 498 U.S. 103, 108, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990). In the present case, § 2L2.2(b)(3)(A) is not ambiguous and clearly includes passport cards. Be-

cause the guideline is not ambiguous, the district court did not err.

## CONCLUSION

For the reasons stated above, we AFFIRM the district court's sentence.