# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-51210

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

ANTHONY P. SERTICH, JR., Doctor, also known as Anthony Patrick Sertich, Jr., also known as Anthony Sertich, Jr., also known as Anthony P. Sertich,

      Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, PRADO, and HIGGINSON, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Anthony P. Sertich, Jr. was charged and convicted by a jury with ten counts of violating 26 U.S.C. § 7202 for willfully failing to account for and pay over to the Internal Revenue Service ("IRS") the federal income taxes he withheld from his employees between 2008 and 2010. He was also charged and convicted of one count of violating 26 U.S.C. § 7201 for willfully attempting to evade and defeat payment of payroll taxes, penalties, and interest due and owing to the United States. On appeal, Sertich argues that the district court issued an incorrect jury instruction as to the elements of an offense under

No. 16-51210

§ 7202 and that the trial evidence was insufficient to support his convictions pursuant to §§ 7201 and 7202. For the reasons given below, we AFFIRM.

## I. BACKGROUND

Sertich was a medical doctor and plastic surgeon who owned two medical entities: South Texas Otorhinolaryngology ("STO") and Advanced Artistic Facial Plastic Surgery of Texas ("Advanced Artistic"). These entities employed staff to whom Sertich paid wages and from whom he withheld payroll taxes. Between 2002 and 2011, the total balance due for Sertich's entities was $2,927,366.45, which Sertich accounted for in the entities' tax filings, yet failed to pay over to the IRS.

In 2014, a grand jury charged Sertich in a superseding indictment for criminal violations of two federal tax laws. Sertich was charged with ten counts of violating § 7202 by willfully failing to account for and pay over taxes withheld from his employees in each quarter between the fourth quarter of 2008 and 2010. He was also charged with one count of violating § 7201 by willfully attempting to evade and defeat the payment of more than $2.9 million in taxes owed by him and his medical entities. The case went to a five-day jury trial. The facts are lengthy and complex, but we detail the relevant evidence below.

At trial, the jury heard evidence that Sertich had submitted wage and tax statements to the IRS showing that money had been withheld from his employees at STO, and that he had claimed credit against his personal tax liabilities for the withheld amounts. The jury also heard evidence that he repeatedly failed to pay over those withheld funds. In 2004, partially because Sertich was behind on STO's tax liabilities, STO went out of business, and Sertich moved himself and his staff to Advanced Artistic. In October 2004, Sertich filed for Chapter 11 bankruptcy—the fourth time since 1992. Because

2

No. 16-51210

he filed under Chapter 11, the government's collection efforts ceased until Sertich again failed to make scheduled payments.

Several IRS officers testified. One officer noted, for example, that the IRS attempted to contact Sertich in 2005 at his personal residence and mailed him a letter to encourage him to file quarterly tax returns for STO. Sertich made no reply. Another officer testified that beginning in November 2006, the IRS attempted to visit Sertich at his business address. The officer testified they repeatedly sent letters to try and work with Sertich to deposit amounts withheld from the paychecks of Advanced Artistic's employees and requested financial records from Sertich, yet Sertich failed to comply with those requests even as late as mid-2007. In late 2007, the IRS issued a levy to Sertich's bank.

In January 2008, Sertich filed bankruptcy for a fifth time, on behalf of Advanced Artistic, once again halting collection efforts. Sertich and his attorney met with the IRS for an interview and produced information about his assets and liabilities. Sertich agreed to make payments while his bankruptcy was pending, but failed to make those payments. His bankruptcy case was dismissed in 2009.

Revenue officers once again took steps to collect. The IRS representative testified that the IRS made multiple attempts in 2009 and 2010 to contact Sertich and collect on his tax delinquency. A revenue officer informed Sertich that if he did not satisfy his tax delinquency by selling or mortgaging his residence, forced collection would begin. The IRS eventually issued levies on Sertich's bank accounts and insurance reimbursements and money was diverted to the IRS to satisfy his tax delinquencies. In the fall of 2010, a revenue officer served Sertich with a summons seeking financial records and testimony. In December 2010, Sertich filed for bankruptcy, once again halting collection efforts. This 2010 bankruptcy filing was dismissed in August of 2011.

No. 16-51210

Throughout the relevant time period, Sertich's accountants and others told him "on a regular basis" that he owed taxes, that he needed to file and pay his taxes timely, that "it's going to become an issue," and that the "IRS . . . will not understand the circumstances." Sertich ultimately racked up a tax delinquency of over $2.9 million.

At trial, Sertich took the stand in his own defense. He told the jury that he always intended to pay his taxes. He stated that his failure to do so was related to personal and family issues, and because he lacked the financial ability to comply. Sertich admitted he pursued bankruptcy filings to develop a payment plan, stressing that he always intended to make good on his debts. He also explained that because his accountant told him he would have to pay interest on his tax delinquency, he "assumed" the delinquency "was a loan" from the federal government.

The jury found Sertich guilty on all counts. The district court sentenced Sertich to 41 months of imprisonment followed by three years of supervised released. Sertich filed and renewed a motion for a judgment of acquittal after the Government's case-in-chief and the jury's verdict. Sertich also filed a motion for a new trial following the jury's guilty verdict. The district court denied his motions. Sertich timely appealed.

## II. DISCUSSION

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). On appeal, Sertich challenges the district court's jury instructions as to § 7202 and the sufficiency of the evidence supporting his convictions pursuant to §§ 7201 and 7202.

### A.     The Jury Instruction as to 26 U.S.C. § 7202

Sertich argues that the district court issued an incorrect jury instruction as to the elements of an offense under § 7202. He also contends that the district court wrongly denied his request for a new trial on this ground.

4

No. 16-51210

Sertich objected to the challenged jury instruction in the district court and therefore preserved this issue for appellate review. Normally, this Court reviews a jury instruction for abuse of discretion and gives the district court substantial latitude in describing the law. *United States v. Thompson*, 811 F.3d 717, 728 (5th Cir. 2016) (citing *United States v. Williams*, 610 F.3d 271, 285 (5th Cir. 2010)). "Under this standard, we consider whether the charge, as a whole, was a correct statement of the law and whether it clearly instructed the jurors as to the principles of the law applicable to the factual issues confronting them." *Id.* (quoting *Williams*, 610 F.3d at 285). "However, when a jury instruction hinges on a question of statutory construction, our review is de novo." *Id.* (quoting *Williams*, 610 F.3d at 285). Since Sertich also raised this claim in his unsuccessful motion for a new trial, we review that as well. This Court reviews an order denying a new trial for abuse of discretion, evaluating questions of law de novo. *United States v. Pratt*, 807 F.3d 641, 645 (5th Cir. 2015).

Section 7202, titled "[w]illful failure to collect or pay over tax," provides that "[a]ny person required . . . to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or *truthfully account for and pay over such tax* shall . . . be guilty of a felony." 26 U.S.C. § 7202 (emphasis added). The statute thus naturally breaks into two offenses: (1) willful failure to collect employees' taxes; or (2) willful failure to truthfully account for and pay over withheld taxes. At issue in Sertich's case is the second offense: willful failure to truthfully account for and pay over the taxes. The district court instructed the jury that as to this offense, "the government must prove that the defendant failed to comply with *one of the two duties* for which he was responsible," either accounting for *or* paying over a tax. The district court explained by example that § 7202 is violated if "a responsible person who

5

No. 16-51210

collects taxes from his employees and files [returns] with the Internal Revenue Service . . . willfully fails to pay over the taxes to the United States."

Sertich challenges this jury instruction because he believes that liability under this portion of § 7202 requires that a person *both* fail to account for *and* pay over a tax. That is to say, Sertich suggests that § 7202 states the two elements in the conjunctive. He asserts that a disjunctive interpretation of § 7202 is contrary to the plain language, purpose, and statutory history of § 7202, and that the rule of lenity guides a decision in his favor. Under Sertich's reading, a proper jury instruction would have noted that he would not be guilty if he had truthfully accounted for the taxes but failed to pay them over. The Government asserts that § 7202 is violated by the failure to account for *or* pay over a tax.

This is an issue of first impression in our Circuit. Nevertheless, we now agree with every other circuit to have considered this issue and hold that § 7202 is violated if a defendant willfully fails to *either* truthfully account for taxes *or* pay them over. *See United States v. Gilbert*, 266 F.3d 1180, 1183–85 (9th Cir. 2001); *United States v. Thayer*, 201 F.3d 214, 220–21 (3d Cir. 1999), *abrogation on other grounds recognized by Fahie v. Virgin Islands*, 858 F.3d 162 (3d Cir. 1999); *United States v. Evangelista*, 122 F.3d 112, 120–22 (2d Cir. 1997). Accordingly, the district court did not err in issuing its jury instructions or by denying Sertich's request for a new trial.

First, the text of the provision guides us to this conclusion. We interpret the plain language of § 7202 to create a dual obligation. That is, § 7202 requires the defendant to "truthfully account for and pay over" taxes—an obligation "that is satisfied only by fulfilling *both* separate requirements." *Evangelista*, 122 F.3d at 121 ("[T]he only plausible reading of the plain language of the statute penalizes the failure to complete the duty imposed by law." (quoting *United States v. Brennick*, 908 F. Supp. 1004, 1017 (D. Mass. 1995))); *see also*

No. 16-51210

*Thayer*, 201 F.3d at 220–21. Our conclusion as to the text is supported by our own, unpublished case, *Corral-Trevizo v. Holder*, 560 F. App'x 421 (5th Cir. 2014). There, we held that an offense under § 7202 is not categorically an aggravated felony under 8 U.S.C. § 1101(a)(43)(M). *Id.* at 422. This Court, citing *Gilbert* and *Evangelista*, noted that the defendant's admission to failing to pay the tax was—on its own—sufficient for a conviction under § 7202. *Id.*

Sertich's proposed construction, in addition to being inconsistent with the plain meaning, also produces an absurd result. As the Second, Third, and Ninth Circuits have all recognized, Congress could not have intended to impose a greater punishment on one who simply failed to collect taxes than someone who collected and used the taxes for his own purpose so long as he notified the IRS that he had collected the taxes. *See Evangelista*, 122 F.3d at 121 (citing *Brennick*, 908 F. Supp. at 1017); *Thayer*, 201 F.3d at 220–21; *Gilbert*, 266 F.3d at 1184. Furthermore, as the Government explains, and as the Ninth Circuit recognized in *Gilbert*, there is reason to believe that an employer who accounts for taxes but fails to pay them does even greater harm than an employer who fails to collect them at all. *Gilbert*, 266 F.3d at 1184 ("[I]f the Government never receives the tax money, the Government has to carry the burden of crediting the employee for withholding taxes that were never paid. . . . [T]he loss is greater when an employer accounts for the tax, but never remits it to the IRS.").

And while the Supreme Court has not directly spoken to this matter, the Court construed the similarly worded civil counterpart to § 7202—26 U.S.C. § 6672—to also require the dual "obligation to withhold and pay the sums withheld." *Slodov v. United States*, 436 U.S. 238, 246–47 (1978) (considering whether § 6672 makes an employer responsible for paying over taxes collected by their predecessor). The Supreme Court concluded that §§ "6672 and 7202 were designed to assure compliance by the employer with its obligation to

No. 16-51210

withhold and pay the sums withheld," regardless of whether the employer personally collected the tax, because otherwise "the penalties easily could be evaded by changes in officials' responsibilities prior to the expiration of any quarter." *Id.* at 247. The Court stated: "Because the duty to *pay over* the tax arises only at the quarter's end, a 'responsible person' who willfully failed to *collect* taxes would escape personal liability for that failure simply by resigning his position, and transferring to another the decisionmaking responsibility prior to the quarter's end." *Id.* (footnote omitted). The Court went on: "Obversely, a 'responsible person' assuming control prior to the quarter's end could, without incurring personal liability under § 6672, willfully dissipate the trust funds collected and segregated by his predecessor." *Id.* at 247–48 (footnote omitted). Such a conclusion suggests that when a person fails to perform one of the required duties, he is subject to civil penalties under § 6672 and conviction under § 7202.

Finally, to the extent that there is any ambiguity, we may look to "the title of a statute and the heading of a section" as tools to resolve any doubt. *Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998) (quoting *Bhd. of R.R. Trainmen v. Baltimore & Ohio R. Co.*, 331 U.S. 519, 528–29 (1947)); *see also United States v. Rabhan*, 540 F.3d 344, 347 (5th Cir. 2008) (stating that courts will "use the title of a statute to resolve 'putative ambiguities'" (citation omitted)). Section 7202 is entitled "[w]illful failure to collect *or* pay over tax." 26 U.S.C. § 7202 (emphasis added). Such a title suggests a violation when either duty has not been met. *See Thayer*, 201 F.3d at 221.

Sertich's additional arguments to save his construction of the statute have little merit. He insists that the Ninth Circuit's opinions in *Wilson v. United States*, 250 F.2d 312 (9th Cir. 1957), *modified on denial of reh'g*, 254 F.2d 291 (9th Cir. 1958), and *United States v. Poll*, 521 F.2d 329 (9th Cir. 1975), provide persuasive authority for interpreting § 7202 and its legislative history

as having a conjunctive requirement. Yet the Ninth Circuit later held that its statements in *Wilson* and *Poll* regarding whether § 7202 required both the failure to account for and pay over the tax were dicta. *Gilbert*, 266 F.3d at 1183. And the court clarified that § 7202 includes a disjunctive requirement. *Id.* at 1183–85.

Sertich's reliance on other provisions of the Internal Revenue Code is also misguided. Sertich asserts that 26 U.S.C. § 7203 supports his reading of § 7202. This is because, according to Sertich, § 7203 provides for the requirement of "keep[ing] such records, *or* supply[ing] such information," and punishes failure with a misdemeanor, while § 7202 provides for the requirement of "account[ing] for, *and* pay[ing] over any tax" and punishes failure with a felony. He asserts that because § 7203 only punishes with a misdemeanor while § 7202 punishes with a felony, then the differences in punishments clarify that there is a difference in what constitutes a violation; in his mind the felony provision must punish more conduct. But § 7203 and § 7202 punish different actors. Section 7203 makes clear that it covers any person responsible for paying any tax, whereas § 7202 applies to a specific tax collected by a third party, like an employer. *Compare* 26 U.S.C. § 7203, *with* 26 U.S.C. § 7202; *see also United States v. Tucker*, 686 F.2d 230, 232 (5th Cir. 1982) (affirming conviction under § 7203 for willfully failing to pay personal income tax). The requirements for these actors thus differ and § 7203 does nothing to change the conclusion that § 7202 provides for a dual obligation.

Finally, acknowledging "contextual ambiguity," Sertich relies on the rule of lenity. But the rule of lenity does not help him here. The rule of lenity provides that "before a man can be punished as a criminal . . . his case must be 'plainly and unmistakably' within the provisions of some statute." *United States v. Gradwell*, 243 U.S. 476, 485 (1917) (quoting *United States v. Lacher*, 134 U.S. 624, 628 (1890)). "But a statute should not be deemed ambiguous for

purposes of lenity 'merely because it was *possible* to articulate a construction more narrow than that urged by the Government.'" *United States v. Casillas-Casillas*, 845 F.3d 623, 626 (5th Cir. 2017) (quoting *Moskal v. United States*, 498 U.S. 103, 108 (1990)). Rather, the rule "only applies if, after considering the text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the [c]ourt must simply guess as to what Congress intended." *United States v. Suchowolski*, 838 F.3d 530, 534 (5th Cir. 2016) (alteration in original) (quoting *United States v. Castleman*, 134 S. Ct. 1405, 1416 (2014)). Here, no such egregious ambiguity exists. The text and purpose of § 7202 clearly impose the dual obligation to account for and pay over taxes. *See Thayer*, 201 F.3d at 220–21.

In sum, we now join the Second, Third, and Ninth Circuits, and hold that § 7202 is violated when one either willfully fails to account for or pay over taxes collected.

## B.    Sufficiency of the Evidence

Sertich also argues that the trial evidence was insufficient to support his convictions under §§ 7201 and 7202. Sertich timely made and renewed his motion for judgment of acquittal. *See* Fed. R. Crim. P. 29(c)(1). Therefore, Sertich's claims receive de novo review. *United States v. Frye,* 489 F.3d 201, 207 (5th Cir. 2007). "A motion for [a] judgment of acquittal challenges the sufficiency of the evidence to convict." *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005) (quoting *United States v. Medina,* 161 F.3d 867, 872 (5th Cir. 1998)). When considering the sufficiency of the evidence, this Court evaluates all evidence, circumstantial or direct, "in the light most favorable to the government, with all reasonable inferences to be made in support of the jury's verdict." *United States v. Grant*, 850 F.3d 209, 219 (5th Cir. 2017) (internal brackets and citations omitted). This Court "must affirm a conviction, if, after viewing the evidence and all reasonable inferences in the light most favorable

to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc)).

### 1. *26 U.S.C. § 7201*

Section 7201 provides that "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall . . . be guilty of a felony." 26 U.S.C. § 7201. The elements of a § 7201 violation are: "(1) existence of a tax deficiency; (2) an affirmative act constituting an evasion or an attempted evasion of the tax; and (3) willfulness." *United States v. Miller*, 588 F.3d 897, 907 (5th Cir. 2009) (citing *United States v. Nolen*, 472 F.3d 362, 377 (5th Cir. 2006)). Sertich contests whether the evidence adequately demonstrated that he willfully violated the statute.

"Willfulness" requires "that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991). Evidence of willfulness "is usually circumstantial." *United States v. Miller*, 520 F.3d 504, 509 (5th Cir. 2008) (quoting *United States v. Bishop*, 264 F.3d 535, 550 (5th Cir. 2001)). Willfulness may be established by, inter alia, "any conduct, the likely effect of which would be to mislead or to conceal." *United States v. Kim*, 884 F.2d 189, 192 (5th Cir. 1989) (quoting *Spies v. United States*, 317 U.S. 492, 499 (1943)). In federal tax law, "a defendant's good-faith belief that he is acting within the law negates the willfulness element." *United States v. Simkanin*, 420 F.3d 397, 410 (5th Cir. 2005).

Sertich contends that he did not act willfully because he testified that "he held a good faith belief that he did not violate any criminal laws," that "he had no idea it was a crime to delay paying his payroll taxes," and he believed he was receiving a "loan" from the IRS, which "he intended to repay" with interest. He also asserts that his tax "consultants had ample opportunity to

correct [his] misunderstanding of the law, yet did nothing to correct it," and that the Government's own witnesses acknowledged that "Sertich had the intent to pay his tax obligations at all relevant times."

The Government asserts, however, that the evidence presented was sufficient to convict him of willfully violating § 7201. The Government articulates that "Sertich ignored and avoided revenue officers seeking to contact him about his tax obligations." The Government argues that Sertich filed for bankruptcy when he could no longer avoid the IRS agents' attempts to collect on his tax obligations. Sertich filed three bankruptcies between 2004 and 2010, which allowed him to halt collections, though his tax delinquency increased with each bankruptcy because he failed to make the required payments toward his debts. The Government contends that the "jury was entitled to infer from this pattern of conduct that Sertich was affirmatively and willfully evading the payment of his tax deficiencies."

We agree with the Government. Viewing the evidence in a light most favorable to the Government and drawing all reasonable inferences in favor of the verdict, any rational trier of fact could have found a violation of § 7201 beyond a reasonable doubt. *See Grant*, 850 F.3d at 219. The evidence established that Sertich had repeated interactions with the IRS as to his taxes due and owing. The evidence also demonstrated that Sertich repeatedly filed for bankruptcy, causing the IRS to cease its collection attempts and release levies on his bank accounts. These bankruptcy filings were often dismissed because Sertich failed to make the required payments, and his tax debt increased with each filing. From this pattern of conduct, the jury could infer that Sertich knew he had a duty to pay his taxes, yet he voluntarily and intentionally evaded payment. *See Cheek*, 498 U.S. at 201–02.

Other evidence from trial also supports this conclusion. The evidence demonstrated that Sertich claimed credit against his personal tax liabilities

for the purportedly withheld amounts. *See United States v. Coney*, 689 F.3d 365, 376 (5th Cir. 2012) ("It is also undisputed that [defendant] demonstrated his knowledge of [his] duty by filing tax returns for the relevant years that expressly acknowledged his outstanding tax liabilities."). The evidence also showed that Sertich used cashier's checks at times to pay his staff instead of using checks from a business account; this allowed him to avoid having money in a bank account that the IRS could access. *See United States v. Wisenbaker*, 14 F.3d 1022, 1025 (5th Cir. 1994) (noting that willfulness can be shown by evasive acts intended to conceal finances, like dealing in cash).

Sertich attempts to claim he did not willfully violate § 7201 because he lacked the funds to meet his tax obligations. Even if financial inability to pay were a viable defense to tax offenses, *but see Tucker*, 686 F.2d at 233, the record reflects that Setrich's inability to pay resulted from his decision to utilize withheld funds for personal use and to "maintain a lifestyle." *See United States v. Van Meter*, 280 F. App'x 394, 396–97 (5th Cir. 2008) (finding sufficient evidence of willfulness where trial evidence demonstrated defendant used assets for personal use to "live an extremely comfortable lifestyle"). Sertich's suggestion that he did not willfully violate § 7201 because he was forthcoming in his filings and interactions with the IRS similarly cannot save him. Section 7201 does not require proof that the defendant was uncooperative; it requires only that a defendant willfully try to evade or defeat the payment of a tax through an affirmative act. *See Miller*, 588 F.3d at 907; *Kawashima v. Holder*, 565 U.S. 478, 487–88 (2012) (noting that tax evasion under § 7201 does not depend on fraud or deceit). Furthermore, the jury was entitled to disbelieve Sertich's contention that he had a good faith belief he was not committing any crime, and in any event, the trial evidence that the IRS and Sertich's own agents warned him cuts against that suggestion. *See Cheek*, 498 U.S. at 202 ("Of course, in deciding whether to credit Cheek's good-faith belief claim, the

jury would be free to consider any admissible evidence from any source showing that Cheek was aware of his duty to file a return and to treat wages as income . . . ."); *United States v. Kellar*, 394 F. App'x 158, 166 (5th Cir. 2010) (finding evidence of willfulness when, inter alia, the IRs warned the defendant "on several occasions about the consequences of his failure to file tax returns or pay his taxes").

Accordingly, the evidence was sufficient for a reasonable juror to find a violation beyond a reasonable doubt, and we affirm Sertich's conviction pursuant to § 7201.

### 2.  26 U.S.C. § 7202

Section 7202 provides that any person who "willfully fails to collect or truthfully account for and pay over" the requisite taxes shall "be guilty of a felony." 26 U.S.C. § 7202. As we have just held, a defendant violates § 7202 if he willfully fails to *either* truthfully account for taxes *or* pay them over. A defendant acts willfully when he voluntarily and intentionally violates a known duty. *Cheek*, 498 U.S. at 201. Like his challenge to § 7201, Sertich argues that the evidence did not adequately demonstrate that he willfully acted under § 7202. More specifically, Sertich asserts that he had a good faith belief that he was not committing a crime and instead was receiving a "loan" from the IRS.

The Government contests this, pointing to the fact that the evidence showed that "Sertich's accountants repeatedly told him that he could not retain and spend amounts withheld from employee pay, but instead needed to turn those amounts over to the federal government." The Government asserts that Sertich's "pattern of conduct" of remitting little or none of the amounts he withheld, "despite his accountants' and the revenue officer's advice, support[s] the inference that Sertich knew of his legal duty but voluntarily and intentionally violated it."

Sertich's challenge to the evidence underlying his § 7202 conviction thus turns on a credibility determination: one between his version of why he did not pay over taxes withheld (because of his belief he was receiving a "loan" from the IRS) and the considerable amount of evidence presented by the Government that he knew of his tax obligations and willfully failed to comply with them. *See United States v. Zuniga*, 18 F.3d 1254, 1260 (5th Cir. 1994).

Here, the jury had sufficient evidence to find that Sertich acted willfully. Despite multiple discussions with revenue officers and his own attorneys, Sertich repeatedly failed to pay over his taxes. The jury apparently did not believe Sertich's testimony that he genuinely thought he had received a loan from the IRS, and "[w]e will not second guess the jury in its choice of which witnesses to believe." *Zuniga*, 18 F.3d at 1260; *see also Cheek*, 498 U.S. at 202. Testimony by Sertich's accountants also undermines his contention that he was unaware of his legal duties. Two accountants testified that they advised Sertich "on a regular basis" that taxes were "due and owing," that "[he] need[s] to make the deposits," and that "this has to be paid." One accountant even challenged Sertich's loan theory and told him "[y]ou're going to need to get this paid timely, and it's going to become an issue." These conversations with his accountants demonstrated Sertich's willfulness. *See United States v. Smith*, 3 F.3d 436, *3–4 (5th Cir. 1993) (noting that defendant's disregard for accountants' warnings, inter alia, was evidence of willful intent to conceal).

Because we find that any rational trier of fact could have found beyond a reasonable doubt that Sertich violated § 7202, we affirm Sertich's conviction.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM.