# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2019

Lyle W. Cayce
Clerk

No. 18-11292
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JEFFREY MOORE,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-74-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jeffrey Moore challenges his convictions, for possession, with intent to distribute, methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). In that regard, he contends there was insufficient evidence to establish he had possession—constructive or otherwise—of the methamphetamine discovered by police in the search of a

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-11292

house.  Concomitantly, he maintains that, without sufficient evidence of the underlying drug-trafficking offense, the conviction for possession of a firearm in furtherance of a drug-trafficking offense must be vacated.

Moore timely made, and renewed, a motion for judgment of acquittal at trial.  *See* Fed. R. Crim. P. 29(a).  Therefore, his claims are reviewed *de novo*. *See United States v. Frye*, 489 F.3d 201, 207 (5th Cir. 2007).  When reviewing the sufficiency of the evidence, our court "evaluates all evidence, circumstantial or direct, in the light most favorable to the government, with all reasonable inferences to be made in support of the jury's verdict".  *United States v. Sertich*, 879 F.3d 558, 565 (5th Cir. 2018) (internal quotation marks and citation omitted).  The verdict is affirmed if a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

When viewed in the requisite light most favorable to the verdict, the record shows there was substantial evidence to establish Moore constructively possessed the methamphetamine and firearms recovered from the house.  *See United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012).  Officers observed Moore working on a motorcycle outside the house shortly before the search. The name "Moore" was on the mailbox, and the Government introduced several documents, including a lease agreement, establishing Moore resided at, and controlled, the premises.  The vast majority of the methamphetamine and all of the firearms found in the two-bedroom house were located in the only inhabited bedroom, and the jury could infer from the evidence that this was where Moore slept.  The evidence permits a plausible inference that Moore knew of the methamphetamine and had access to it.  *See United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012) ("In cases of joint occupancy, this court will

No. 18-11292

find constructive possession only when there is some evidence supporting *at least a plausible inference that the defendant had knowledge of and access to the illegal item*." (emphasis in original) (internal quotations and citation omitted)).  Therefore, Moore has not shown the jury acted irrationally when it found, beyond a reasonable doubt, that he was guilty of possession, with intent to distribute, methamphetamine and possession of a firearm in furtherance of a drug-trafficking offense.  *See Vargas-Ocampo*, 747 F.3d at 301.

AFFIRMED.