# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2088
_____

United States of America

*Plaintiff - Appellee*

v.

Lonnel Porter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: September 24, 2021
Filed: November 9, 2021
_____

Before SMITH, Chief Judge, GRUENDER and STRAS, Circuit Judges.
_____

STRAS, Circuit Judge.

When an offender is placed in a residential reentry center, is the placement "by virtue of" a "conviction," even if he has nowhere else to live? 18 U.S.C. § 751(a). We conclude that the answer is yes, so we affirm Lonnel Porter's conviction of escaping from custody. *See id.*

I.

Twelve years ago, Porter received a 104-month prison sentence for illegally possessing a firearm. *See* 18 U.S.C. § 922(g)(1). At the tail end of his prison term, shortly before he was set to go on supervised release, the probation office realized that he "did not have a release plan and would be considered homeless." With Porter's consent, the probation office asked the district court to order him to spend 120 days at a residential reentry center, long enough for him to find a job and a place to live.

The district court approved the request, but Porter did not stay long. Instead, he checked out to go to work one day and never returned, which violated both his conditions of supervised release and the reentry center's rules. Despite pleas from his probation officer to come back, Porter remained at large until he was captured by law enforcement several weeks later.

His decision to abscond had serious consequences. First, the district court gave him a 14-month prison sentence for violating the conditions of supervised release. *See United States v. Porter*, 974 F.3d 905 (8th Cir. 2020) (affirming the revocation and sentence). Second, the government filed a separate charge against him for escaping from custody. *See* 18 U.S.C. § 751(a). Porter's defense was that he was not in the reentry center "by virtue of" a "conviction," as the statute requires, but rather because he did not have a place to live. *Id.* The district court[1] rejected the defense, found him guilty after a bench trial, and sentenced him to serve 12 months in prison, to run consecutively to his 14-month revocation sentence.

Porter raises two issues on appeal. The first, a challenge to his 12-month sentence, is now moot because he is no longer in prison. *See Owen v. United States*,

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

930 F.3d 989, 990 (8th Cir. 2019) ("Now that [the defendant] has been released from prison, the court cannot grant any effectual remedy [on his sentencing challenge], because [defendant] has obtained all of the relief that he sought."). The second, a challenge to his conviction, remains live. *See O'Neil v. United States*, 966 F.3d 764, 770 n.4 (8th Cir. 2020) (holding that a defendant's challenge to "the validity of his conviction," as opposed to "the validity of his sentence," was not moot even though he had been released from prison). The issue, just like at trial, is whether Porter was in custody "by virtue of" a "conviction." 18 U.S.C. § 751(a).

II.

We review legal questions, including the interpretation of a criminal statute, de novo. *See United States v. Iqbal*, 869 F.3d 627, 631 (8th Cir. 2017). Under federal law, it is a crime to "escape[] or attempt[] to escape from . . . custody . . . *if the custody or confinement is by virtue of . . . [a] conviction* of any offense." 18 U.S.C. § 751(a) (emphasis added).

Porter acknowledges that he was in "custody" while at the residential reentry center and that his "unauthorized departure" was an "escape." *United States v. Goad*, 788 F.3d 873, 876 (8th Cir. 2015). He claims, however, that he was there "by virtue of" his homelessness, rather than a "conviction." So the question for us is whether Porter was in custody "by virtue of" his more-than-a-decade-old felon-in-possession conviction or, as the probation office put it, his lack of a release plan. 18 U.S.C. § 751(a).

To answer this question, we turn, as usual, to the words of the statute itself, with the goal of determining the plain and ordinary meaning of the phrase, "by virtue of." *See United States v. Torres*, 920 F.3d 1215, 1216 (8th Cir. 2019); *see also Wis. Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2070–71 (2018) (explaining that we "interpret . . . words consistent with their ordinary meaning," using dictionary definitions to aid in this task (internal quotation marks omitted)). The parties, for

their part, recognize that these three words are causal, but disagree about how close the connection needs to be. The answer, it turns out, is that a conviction must only be *a* cause of the custody or confinement, whether "immediate" or not.

Consider the definition of "by virtue of" in one prominent dictionary: "[o]n the grounds or basis of; by reason of." *The American Heritage Dictionary of the English Language* 1935 (5th ed. 2016); *see also Webster's Third New International Dictionary* 2556 (2002) (defining the phrase as "through the force of[;] . . . by authority of"). This definition is broad enough to include multiple causes, "remote" or "immediate," as long as each was a "reason" or "ground[]" for placing him in custody. *American Heritage Dictionary*, *supra*, at 1935. After all, Porter never would have been at a residential reentry center had he not first been convicted of a crime.

Given this conclusion, there is no reason to invoke the rule of lenity, which applies only when ordinary interpretative tools "reveal[ ] no satisfactory construction." *Lockhart v. United States*, 577 U.S. 347, 361 (2016). Though broad, the statute is not ambiguous, and its language points in only one direction: Porter violated 18 U.S.C. § 751(a) by escaping from custody.

## III.

We accordingly affirm the judgment of the district court.

_____