# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2025

Lyle W. Cayce
Clerk

No. 24-30139

United States of America,

*Plaintiff—Appellee*,

*versus*

Melissa Rose Barrett,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CR-71-1

Before Jones and Oldham, *Circuit Judges*, and Hendrix, *District Judge*.[*]

Per Curiam:[†]

Over the course of a decade, Melissa Rose Barrett spent $20 million on real property, a boat, and an airplane purchased in the name of his

---

[*] United States District Judge for the Northern District of Texas, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30139

business.[1] All the while, he paid $0 in taxes. Barrett was convicted by a jury of felony tax evasion. He appeals two elements of the jury instructions, and the sufficiency of the evidence. These arguments fail, so we affirm his conviction.

I

Barrett first challenges the district court's instruction to the jury that tax evasion under 26 U.S.C. § 7201 "does not necessarily involve fraud or deceit." ROA.2536. The parties contest the applicable standard of review, but we need not pick one. It is sufficient to find that the instruction was legally correct and applicable to the facts of the case. *See Wantou v. Wal-Mart Stores, Tex. LLC*, 23 F.4th 422, 432 (5th Cir. 2022) (abuse of discretion); *United States v. Grant*, 850 F.3d 209, 217 (5th Cir. 2017) (harmless error).

Under any standard of review, the instruction was not reversible error. The Supreme Court has held that "neither fraud nor deceit is among the elements of a conviction under § 7201." *Kawashima v. Holder*, 565 U.S. 478, 487 (2012). *Kawashima* expressly contemplates that "it is possible to willfully evade or defeat payment of a tax under § 7201 without making any misrepresentation," considering a hypothetical taxpayer who might file a correct tax return, but nonetheless defeat payment of a tax by moving assets beyond the

---

[1] Appellant is a transgender woman—that is, a biological male who now "identifies" as a woman and has changed his name from Bryan Wayne Barrett to Melissa Rose Barrett. The court uses male pronouns to refer to Barrett to reflect biological reality. *Cf. State v. Loe*, 692 S.W.3d 215, 242 (Tex. 2024) (Blacklock, J., concurring) ("[N]eologisms like 'sex assigned at birth' and 'gender identity'—while intelligible as theoretical concepts—simply do not correspond to reality. Our ability to conceive of them, and even to believe in them, does not make these concepts real . . . The fervent belief (or social status) of the myth's adherents does not make the myth true."). *See also United States v. Varner*, 948 F.3d 250, 254–55 (5th Cir. 2020).

IRS's reach. *Id.* at 488. And Barrett offers no authority showing why *Kawashima*'s correct statement of law is inapt here.

Barrett also argues the instruction "confused the issue of mens rea for the jury." Blue Br. at 31. Insofar as that argument concedes the instruction was legally correct, it "presents a 'framing' issue reviewed for abuse of discretion." *United States v. Gas Pipe, Inc.*, 997 F.3d 231, 238 (5th Cir. 2021) (citation omitted). We "afford the trial court great latitude in the framing and structure of jury instructions." *Eastman Chem. Co. v. Plastipure, Inc.*, 775 F.3d 230, 240 (5th Cir. 2014) (citation omitted). The instruction was legally correct and based in Supreme Court precedent. Moreover, it was "applicable to the factual issues confronting the jury." *United States v. Mazkouri*, 945 F.3d 293, 302 (5th Cir. 2019). Because Barrett's principal (indeed, only) defense concerned *mens rea* and the willfulness requirement, the supplemental instruction *clarified* the issues before the jury. We find no abuse of the district court's substantial discretion in so framing the case.

## II

Barrett next presents a new argument that the district court erred by failing to instruct the jury on good faith. We review for plain error and find none. *See United States v. Santiago*, 96 F.4th 834, 843 (5th Cir. 2024).

One element of tax evasion under § 7201 is "willfulness." 26 U.S.C. § 7201; *accord United States v. Crandell*, 72 F.4th 110, 113 (5th Cir. 2023). Where the district court provides an "adequate[]" instruction on willfulness, "[a]n additional instruction on good faith [is] unnecessary." *United States v. Pomponio*, 429 U.S. 10, 13 (1976). As this court has explained many times over, *Cheek v. United States*, 498 U.S. 192, 202 (1991), is not to the contrary. *See, e.g.*, *United States v. Simkanin*, 420 F.3d 397, 411 (5th Cir. 2005) (holding a district court "was not required to include a specific instruction on good-faith because it adequately instructed the jury on the meaning of willfulness

under *Cheek* and *Pomponio*”); *United States v. Stockman*, 947 F.3d 253, 262 (5th Cir. 2020) (same). And, as neither party disputes, the district court properly instructed the jury on willfulness. So there was no error in its choice not to issue a supplemental good-faith instruction.

### III

Finally, Barrett contests the sufficiency of the evidence supporting his conviction. Because he properly preserved this challenge, we review *de novo*, but we “must affirm if a *rational* jury, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense to be satisfied beyond a reasonable doubt.” *United States v. Sanders*, 952 F.3d 263, 273 (5th Cir. 2020) (emphasis in original) (quotation omitted). Barrett only contests whether he committed certain evasive acts with the requisite mental state. His primary argument is that the IRS knew about his evasive acts, so those acts could not possibly have been intended to evade. As the district court observed, this “twisted logic leads to a tax evasion catch-22: the Government’s discovery of your tax evasion scheme renders it lawful.” ROA.454.

We likewise decline to adopt Barrett’s theory of ratification by discovery, and we instead hold the Government presented sufficient evidence to show evasion. Barrett purchased real property worth millions of dollars in multiple States. At the same time, multiple IRS agents were in contact with Barrett attempting to resolve his outstanding liability. *Cf. United States v. Sertich*, 879 F.3d 558, 566 (5th Cir. 2018) (finding defendant’s “repeated interactions with the IRS” could support an inference of willful evasion).

Barrett offered testimony that his property purchases were related to “agricultural and land business.” ROA.2266–67. Other witnesses, however, testified that Stat Care never engaged in any hunting, farming, or fishing business functions. *See, e.g.*, ROA.1749 (Stat Care’s office manager); ROA.1866–

67, 1916–21 (Barrett's ex-wife and business partner). Witnesses said the same about Barrett's other purchases, including an airplane, boat, and personal residence. Barrett also omitted multiple properties and bank accounts from IRS forms and interviews. *Cf. Crandell*, 72 F.4th at 114 (holding that certain omissions may be *per se* sufficient evidence of tax evasion). In addition, Barrett also made some purchases in "owner-financed transactions," in which title remains under the seller's name. A reasonable jury could see that as evasive. *Cf. United States v. Jones*, 459 F. App'x 379, 383–84 (5th Cir. 2012) (per curiam) (a reasonable jury could find an affirmative act of evasion from a defendant "funneling" assets into property and purchasing it under others' names in "a convoluted scheme designed to put it out of reach").

Despite Barrett's arguments and testimony to the contrary, "[i]t is the province of the jury to weigh any conflicting evidence and to evaluate the credibility of witnesses." *United States v. Bolton*, 908 F.3d 75, 89 (5th Cir. 2018) (quotation omitted). As a "defendant seeking reversal on the basis of insufficient evidence," Barrett "swims upstream." *United States v. Mulderig*, 120 F.3d 534, 546 (5th Cir. 1997). He does not beat the current.

\*    \*    \*

AFFIRMED.

5